


FILED
JUL 20 2006
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No. 05-37831-C-7 |
| HARRY H. ACHESON and<br>HALIMA ACHESON, | MC No. DGN-1 |
| Debtors. | |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW
ON MOTION FOR RELIEF FROM AUTOMATIC STAY**

These findings of fact and conclusions of law are rendered in this contested matter pursuant to Federal Rule of Civil Procedure 52 as incorporated by Federal Rules of Bankruptcy Procedure 7052 and 9014. Evidence was taken pursuant to Federal Rule of Civil Procedure 43(e), as incorporated by Federal Rule of Bankruptcy Procedure 9017 and as invoked by Local Bankruptcy Rule 9014(e).

### Jurisdiction

Jurisdiction is founded upon 28 U.S.C. § 1334. This is a core proceeding. 28 U.S.C. § 157(b)(2)(G).



## Findings of Fact

Debtors filed their voluntary chapter 7 petition on October 15, 2005. They scheduled a 2005 Ford Focus ("vehicle") as property of the estate. The first meeting of creditors was held on December 9, 2005. The chapter 7 trustee filed a report finding that there is no property available for distribution from the estate over and above that exempted by the debtors. The court observes that debtors were discharged from all dischargeable debts on April 17, 2006.

On June 14, 2006, Ford Motor Credit Company, ("movant") filed a motion, notice, and declaration requesting that this court vacate the automatic stay to permit movant to repossess the vehicle. The Kelley Blue Book value of the vehicle is approximately $9,875. Movant holds a lien on the vehicle in the approximate amount of $13,495.98. There is no evidence of any other liens against the vehicle.

No opposition to the motion was filed. Upon review of the record, the court determined that the written record was adequate and that no oral argument is necessary.

## Conclusions of Law

The automatic stay of acts against debtors *in personam* and of acts against property other than property of the estate continues until the earliest of the time when the bankruptcy case is closed, dismissed, or an individual in a chapter 7 case is granted a discharge. 11 U.S.C. § 362(c). The automatic stay may be terminated earlier if debtors fail to protect the secured party's interest adequately, § 362(d)(1), and, with

```
 1  respect to a stay of an act against property, debtors do not
 2  have equity in the property, § 362(d)(2)(A), and the property
 3  is not necessary to an effective reorganization.  11 U.S.C. §
 4  362(d)(2)(B).  The issue of whether the property is necessary
 5  to an effective reorganization is not considered in a chapter 7
 6  case because no reorganization is contemplated in a chapter 7
 7  case.
 8          Although the debtors do not appear to have any equity in
 9  the vehicle, since the debtors were granted a discharge, the
10  motion for relief from the automatic stay is moot as to the
11  debtors.  Thus, the motion will be denied.
12          However, the motion will be granted as to the trustee.
13          An appropriate order will issue.
14          Dated: July 20, 2006
```

_____
UNITED STATES BANKRUPTCY JUDGE

# CERTIFICATE OF SERVICE

On the date indicated below, I served a true and correct copy(ies) of the attached document by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed and by depositing said envelope in the United States mail or by placing said copy(ies) into an interoffice delivery receptacle located in the Clerk's Office.

Harry & Halima Acheson
921 Benicia Road
Vallejo, CA 94591

Timothy Walsh
1319 Travis Blvd.
Fairfield, CA 94533

Susan K. Smith
7485 Rush River Drive #710-PMB 218
Sacramento, CA 95831

Donald Nelson
Nelson & Kennard
1425 River Park Drive, Suite 540
P.O. Box 13807
Sacramento, CA 95853

Office of the United States Trustee
United States Courthouse
501 "I" Street, Suite 7-500
Sacramento, CA 95814

Dated: 7/21/06

_____
Deputy Clerk